CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

JUN 30 2011

JULIA C. DUDLEY, CLERK
BY:
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| **MICHAEL TODD RIDDLE,** | ) Civil Action No. 7:11CV00304 |
| **Plaintiff,** | ) |
| | ) **MEMORANDUM OPINION** |
| vs. | ) |
| **NEW RIVER VALLEY REGIONAL JAIL, ET AL.,** | ) |
| | ) By: Samuel G. Wilson |
| | ) United States District Judge |
| **Defendants.** | ) |

Michael Todd Riddle, a Virginia inmate proceeding pro se, filed this civil rights action pursuant to 42 U.S.C. § 1983 alleging that when he complained about the food services at the New River Valley Regional Jail ("the jail"), officers informed him that if he complained further, the jail superintendent would keep him at the jail rather than allowing him to be transferred to a Virginia Department of Corrections (VDOC) prison facility. Riddle sues the jail and the superintendent, and as relief, he seeks only to be transferred to a VDOC prison. The court concludes that the action must be summarily dismissed, pursuant to 28 U.S.C. § 1915A(b)(1), as legally frivolous.[1]

Inmates have no constitutional right to be housed in any particular prison or in a prison with more favorable conditions. Meachum v. Fano, 427 U.S. 215, 224 (1976).

> The initial decision to assign the convict to a particular institution is not subject to audit under the Due Process Clause, although the degree of confinement in one prison may be quite different from that in another. The conviction has sufficiently extinguished the defendant's liberty interest to empower the State to confine him in *any* of its prisons.

---

[1] A complaint filed by an inmate challenging the conduct of an "officer or employee of a governmental entity" may be summarily dismissed under § 1915A(b)(1) if the complaint is "frivolous, malicious or fails to state a claim upon which relief may be granted."

Id. at 224-25. Moreover, an inmate's place of confinement is necessarily subject to the broad discretion of those parties managing the prison. Gaston v. Taylor, 946 F.2d 340, 343 (4th Cir. 1991). See also Strickler v. Waters, 989 F.2d 1375, 1380-1381 (4th Cir. 1993) (finding no equal protection violation where inmate with sentence to serve in state prison facility spent long period in local jail with less favorable conditions).

Riddle appears to allege that because the food is better at VDOC prisons than at the jail, he has a constitutional right to be transferred to a VDOC facility. He is mistaken. Because his allegations fail to implicate any constitutionally protected right, the court will summarily dismiss the action without prejudice, pursuant to § 1915A(b)(1), as frivolous. An appropriate order will be entered.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to plaintiff.

ENTER: This 30th day of June, 2011.

United States District Judge